142 Nev., Advance Opinion 51



FILED
Aug 06 2026
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| JESSICA DE FALCO,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 89685 |

Appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of attempted murder with the use of a deadly weapon, two counts of battery with the use of a deadly weapon resulting in substantial bodily harm, and duty to stop at the scene of a crash involving death or personal injury.  Eighth Judicial District Court, Clark County; Danielle Pieper, Judge.

*Affirmed.*

Nancy M. Lemcke, Public Defender, and Shana S. Brouwers, Chief Deputy Public Defender, Clark County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and John T. Afshar, Chief Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE SUPREME COURT, STIGLICH, CADISH, and LEE, JJ.

OPINION

By the Court, LEE, J.:

The Nevada Constitution secures to all parties the right to trial by jury.  Nev. Const. art. 1, § 3.  This right may be waived by a criminal defendant, however, so long as the waiver is in writing, approved by the

court, and consented to by the prosecuting attorney. NRS 175.011(1). In this matter, the prosecuting attorney did not consent to the defendant's jury trial waiver, and thus the defendant's motion to proceed on the charges against her by bench trial was denied.

On appeal, the defendant argues that the waiver statute's prosecutorial consent requirement violates the separation of powers doctrine. While this court has previously upheld the statute's constitutionality in the face of a due process clause challenge, we have yet to address whether the statute violates the separation of powers doctrine. We conclude that because the constitutional right to trial by jury is held by both the defendant and the prosecutor, requiring the consent of the prosecuting attorney to waive a jury trial does not violate the separation of powers of doctrine. Accordingly, and after reviewing the other arguments raised on appeal, we affirm the judgment of conviction against the defendant.

*FACTS AND PROCEDURAL HISTORY*

The charges against appellant Jessica De Falco arose from an altercation in the parking lot of a fast food restaurant in North Las Vegas. After waiting in the drive-through line for about 25 minutes, De Falco, who was intoxicated, began honking her horn at the car in front of her. As the car left the drive through, De Falco drove in front of it, blocking the exit. De Falco and the driver engaged in a verbal altercation, after which De Falco began to drive away, made a U-turn, and accelerated toward nearby patrons. De Falco's vehicle struck two of them, Melissa Garibay and Brian Salcedo. Despite bystanders banging on her window and shouting at her to stop, De Falco backed her car up and ran over Salcedo again. Both Garibay and Salcedo sustained serious injuries as a result. After, De Falco fled the scene and abandoned her vehicle at a friend's house. Police later located De

Falco at her residence and arrested her. While speaking with the detectives, De Falco stated that the victims "deserved it."

De Falco was charged with two counts of attempted murder with the use of a deadly weapon, two counts of battery with the use of a deadly weapon resulting in substantial bodily harm, and duty to stop at the scene of a crash involving death or personal injury. On the first day of trial, before jury selection began, De Falco moved for a bench trial and presented a signed waiver to the judge. The State orally opposed the motion and argued that because NRS 175.011(1) requires the State's consent for waiver and the State did not consent, the motion should be denied. The district court denied De Falco's motion, reasoning that there is no absolute right to waive a jury trial. The jury found De Falco guilty on all charges, and she now appeals. For the reasons set forth below, we conclude that the district court did not err when it denied De Falco's motion for a bench trial.

*DISCUSSION*

De Falco argues that her conviction should be reversed because the waiver statute, NRS 175.011(1), violates the separation of powers doctrine and the district court therefore improperly denied De Falco's motion to proceed by bench trial. She further argues that the State's evidence was insufficient to support her conviction and that cumulative error warrants reversal. We disagree as to all three arguments and affirm De Falco's conviction.

*NRS 175.011(1) does not violate the separation of powers doctrine*

NRS 175.011(1) states, in pertinent part, that "cases required to be tried by jury must be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the prosecuting attorney." De Falco argues that NRS 175.011(1)'s prosecutorial consent requirement amounts to an executive veto over the judiciary's ability to

3

grant a request for a bench trial and therefore violates the separation of powers doctrine. The question before us is a question of law, which we review de novo. *State v. Hughes*, 127 Nev. 626, 628, 261 P.3d 1067, 1069 (2011).

This court has previously upheld a prosecutorial consent requirement similar to that in NRS 175.011(1) on the ground that a defendant does not have a right to compel a bench trial. In *Rains v. State*, we considered whether NRS 174.480(1), which provided that "[i]ssues of fact must be tried by jury, unless a trial by jury be waived by consent of both parties expressed in open court and entered in its minutes," violated Article 1, Section 3 of the Nevada Constitution.[1] 83 Nev. 58, 60, 422 P.2d 541, 542 (1967). Citing the United States Supreme Court's holding in *Singer v. United States*, 380 U.S. 24 (1965), we concluded that the right to a trial by jury does not carry with it an inverse right to compel a bench trial. *Id.* We explained that "[t]he defendant's only constitutional right concerning the method of trial is to an impartial trial by jury." *Id.* (citing *Singer*, 380 U.S. at 36). Further, we reaffirmed the reasoning set forth in *State v. McClear*, 11 Nev. 39, 61 (1876), where this court held that "the state has certain rights as well as the prisoner. . . . The right of trial by jury as guaranteed by the constitution is as much for the protection of the whole people as for the individual prisoner." *Rains*, 83 Nev. at 61, 422 P.2d at 543. Accordingly, requiring the consent of the prosecutor or court, or both, is a "reasonable protective condition." *Id.* at 60, 422 P.2d at 543.

---

[1]NRS 174.480 was repealed and NRS 175.011 was enacted shortly after we announced our decision in *Rains*. *See* 1967 Nev. Stat., ch. 523, § 447, at 1472; 1967 Nev. Stat., ch. 523, § 174, at 1424.

4

That a state's refusal to consent to a bench trial is not a violation of a defendant's rights is the law in many jurisdictions. *See, e.g.*, *Vines v. Muncy*, 553 F.2d 342, 345-46 (4th Cir. 1977) (noting that both in Virginia and under federal law the prosecution's refusal to consent to a bench trial does not violate a defendant's due process rights); *Taylor v. State*, 612 P.2d 851, 859 (Wyo. 1980) ("[T]he right to a common-law jury trial in Wyoming is a right which belongs to the defendant and which may be waived with the approval of the court and consent of the State.").

But few jurisdictions have addressed whether the requirement that a prosecutor consent to a jury trial waiver violates the separation of powers doctrine. *See People v. Jennings*, 644 N.E.2d 1199, 1204 (Ill. App. Ct. 1994) (holding that the prosecutorial consent requirement did not violate the separation of powers doctrine because Illinois courts have "no inherent power . . . to override a legislative determination of the method of waiving the right to a jury trial"); *In re State ex rel. O'Connell*, 976 S.W.2d 902, 911 (Tex. App. 1998) (prosecutorial consent requirement did not violate separation of powers doctrine because the Texas Constitution expressly gave the legislature "ultimate authority over judicial administration"). Whether a prosecutorial consent requirement, such as that found in NRS 175.011(2), violates the separation of powers doctrine is a matter of first impression in Nevada.

The Nevada Constitution recognizes the separation of powers doctrine and contains an express provision prohibiting one branch of government from impinging on the functions of another. Nev. Const. art. 3, § (1)(1); *State v. Second Jud. Dist. Ct. (Hearn)*, 134 Nev. 783, 786, 432 P.3d 154, 158 (2018). "Generally, the legislative power vested in the Legislature is the authority to enact, amend, and repeal laws." *Nev. Pol'y Rsch. Inst., Inc. v. Miller*, 140 Nev., Adv. Op. 69, 558 P.3d 319, 326 (2024) (internal

5

quotations omitted). The legislative power is "plenary and complete," and the legislature may enact "any law not expressly or impliedly forbidden by the state constitution or prohibited by the Constitution of the United States." *City of Las Vegas v. Ackerman*, 85 Nev. 493, 501-02, 457 P.2d 525, 531 (1969).

"[I]t is well settled that the judiciary retains the authority to hear and determine justiciable controversies." *Berkson v. LePome*, 126 Nev. 492, 499, 245 P.3d 560, 565 (2010). Incidental to this power is the judiciary's power to promulgate and prescribe rules necessary to handle the business of the courts. *Id.* Accordingly, the legislature cannot enact a procedural statute that conflicts with a preexisting procedural rule. *Id.* The legislature, however, can permissibly enact legislation that creates a substantive right, even if the act implicates trial procedure. *See Whitlock v. Salmon*, 104 Nev. 24, 26, 752 P.2d 210, 211 (1988) (stating that a law permitting parties and their attorneys to participate in voir dire without "unreasonable restrictions" conferred a substantive right and therefore did not offend the separation of powers doctrine); *Lyft, Inc. v. Eighth Jud. Dist. Ct.*, 137 Nev. 832, 833, 501 P.3d 994, 999 (2021) ("[I]n the context of a conflicting statute and court rule, our separation of powers analysis examines whether the challenged statutory provision is substantive or procedural." (citation modified)).

Here, we conclude that NRS 175.011(1) does not violate the separation of powers doctrine. As a preliminary matter, De Falco does not point to a procedural rule that she believes is implicated by NRS 175.011(1). *See Whitlock*, 104 Nev. at 26, 752 P.2d at 211. Rather, because the Nevada Constitution confers the right to a jury trial on both a criminal defendant and the State, the legislature merely enacted a law that implemented this constitutional mandate. *State ex rel. Marshall v. Eighth Jud. Dist. Ct.*, 80

6

Nev. 478, 480, 396 P.2d 680, 681 (1964) (explaining that there is no constitutional impediment where "[t]he mentioned statutes merely implement the constitutional mandate").

Although she does not point to a specific rule, De Falco argues that NRS 175.011(1)'s prosecutorial veto offends the separation of powers doctrine because it grants the State "an improper veto" over the judiciary's ability to grant a defendant's request for a bench trial. In so arguing, De Falco contends that it is the judiciary's function to protect a defendant's fundamental rights and that requiring prosecutorial consent impairs this function by allowing the State to insist upon a jury trial where a bench trial may be more appropriate to protect the defendant's interests. We reject this argument. Because a defendant does not have a constitutional right to compel a bench trial, *Rains*, 83 Nev. at 60, 422 P.2d at 542, the statute does not interfere with a court's ability to safeguard a defendant's fundamental rights. Additionally, because both a criminal defendant *and* the State have a right to a jury trial, the State's exercise of its right to a jury trial cannot be said to impair the judiciary's function. *Cf. Heller v. Legislature of Nev.*, 120 Nev. 456, 466, 93 P.3d 746, 753 (2004) (stating that the separation of powers doctrine "is particularly applicable when [the] constitution expressly grants authority to one branch of government").

Nor are we persuaded by De Falco's reliance on *Hearn*, a case in which we held that a statute requiring prosecutorial consent to allow the district court to assign certain defendants to a veteran's court program violated Nevada's separation of powers doctrine because it effectively afforded an executive veto over sentencing decisions. *Hearn*, 134 Nev. at 784, 432 P.3d at 156. *Hearn* recognized that the legislature may define punishments "within constitutional limits" and could even completely remove judicial discretion to determine a criminal penalty by creating

7

mandatory sentencing schemes. *Id.* at 786, 432 P.3d at 158. But once a defendant's guilt is determined, a prosecutor's charging discretion ends and the judiciary's sentencing discretion remains. *Id.* at 787, 432 P.3d at 159. Thus, the State cannot veto a judge's sentencing decision without running afoul of the separation of powers doctrine. *Id.* at 787-88, 432 P.3d at 159. Unlike in *Hearn*, NRS 175.011 does not give the executive a veto over an area in which the executive has no discretion. Instead, NRS 175.011(1) merely implements the constitutional mandate. *State ex rel. Marshall*, 80 Nev. at 480, 396 P.2d at 681. Therefore, *Hearn* does not apply.

Because both De Falco and the State have a right to a jury trial, and NRS 175.011(1) does not conflict with any procedural court rules, we conclude that NRS 175.011(1) does not run afoul of the separation of powers doctrine.[2]

*Substantial evidence supports De Falco's conviction*

De Falco next argues that the State presented insufficient evidence of guilt as to the attempted murder charges. De Falco argues that the evidence was insufficient to establish specific intent because she was under the influence of alcohol and therefore could not form the specific intent to kill the victims. Further, she argues that the State failed to present evidence sufficient to establish specific intent. We disagree.

The relevant inquiry in reviewing the evidence supporting a jury's verdict is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Bolden v. State*,

---

[2]De Falco also argues that *Singer* suggests that there may be circumstances in which denial of a bench trial would deny due process. We determine that this question is not properly before us because no such extraordinary circumstances are present in this case.

121 Nev. 908, 912, 124 P.3d 191, 194 (2005) (internal citations omitted). De Falco was on trial for attempted murder, which the jury instructions provided is "the performance of an act or acts which tend, but fail, to kill a human being when such acts are done with express malice, namely, with the deliberate intention unlawfully to kill." *See Sharma v. State*, 118 Nev. 648, 652, 56 P.3d 868, 870 (2002) (holding the same). Voluntary intoxication can be a defense to specific intent crimes, and the jury was so instructed. NRS 193.220. Specifically, the jury was instructed that "whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of the person's intoxication may be taken into consideration in determining the purpose, motive or intent.").

We conclude that based on the evidence, a rational juror could conclude that De Falco drove her car towards the victims with the intent to kill. The State presented evidence that a jury could use to infer an intention to kill the victims, including that (1) De Falco had opportunities to drive away without hurting anyone and instead made a "U-turn" or "fishhook" toward the victims; (2) after De Falco had hit the victims, she continued to attempt to run over Salcedo despite bystanders banging on her window to stop; (3) De Falco fled the scene and abandoned her vehicle at her friend's house; and (4) De Falco told the police that the crime victims "deserved it." Although this evidence does not directly establish specific intent, circumstantial evidence is sufficient to sustain a conviction. *See Deveroux v. State*, 96 Nev. 388, 391, 610 P.2d 722, 724 (1980). On these facts, a rational trier of fact could find that De Falco had the specific intent necessary for an attempted murder conviction. Accordingly, we affirm.

9

*There is no cumulative error*

De Falco also argues that cumulative error rendered her trial fundamentally unfair and therefore her conviction should be reversed. *See Byford v. State*, 116 Nev. 215, 241-42, 994 P.2d at 700, 717 (2000) (holding the cumulative effect of multiple errors can violate a defendant's constitutional right to a fair trial). But having concluded above that De Falco's rights were not violated when her bench trial motion was denied and that evidence is sufficient to support her conviction, there are no errors to accumulate.

*CONCLUSION*

Because Article 1, Section 3 of the Nevada Constitution secures the right to trial by jury for both criminal defendants and prosecutors, we conclude that requiring prosecutorial consent to waive a jury trial does not violate the separation of powers doctrine. Moreover, De Falco's conviction is based on substantial evidence. Therefore, we affirm.

Lee,  J.

We concur:

Stiglich,  J.

Cadish,  J.

10